FILED
United States Court of Appeals
Tenth Circuit

September 15, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRANK THOMAS,

　　Petitioner - Appellant,

v.

ROBERT PATTON, Director,

　　Respondent - Appellee.

No. 15-6092
(D.C. No. 5:13-CV-00578-F)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Oklahoma state prisoner Frank Thomas seeks a certificate

of appealability (COA) to appeal the district court's denial of his federal habeas

petition.

Thomas was convicted in Oklahoma state court for trafficking in illegal drugs

with a prior felony conviction, possession of a controlled substance with intent to

distribute after a prior felony conviction, and domestic abuse. The Oklahoma Court

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.
　[1] Because Thomas proceeds pro se, we liberally construe his brief. But we will
not act as his advocate by scouring the record or developing arguments for him. *See*
*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

of Criminal Appeals (OCCA) affirmed his convictions and sentence. The OCCA also affirmed a subsequent district court decision denying Thomas post-conviction relief.

Thomas then turned to federal district court, filing a federal habeas corpus petition listing 35 grounds on which he believed relief was warranted. The district court referred the matter to a magistrate judge, who recommended denying Thomas' petition. The district court accepted that recommendation, denied Thomas' habeas petition, and also denied Thomas a COA. Thomas now seeks a COA from this court.

We may grant Thomas a COA only if he "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When a district court has decided an applicant's claim on its merits, that standard is satisfied if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a district court instead concludes an applicant's claim is procedurally barred, the applicant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In his COA application, Thomas winnows down his 35 claims of error to 17. Regarding 11 of his issues, however, Thomas (1) references only his prior filings in federal and state court, and (2) fails to provide any supporting explanation or legal authority. *See* 10th Cir. R. 28.4 (warning that incorporation of lower court pleadings doesn't satisfy requirements of Federal Rules of Appellate Procedure);

2

Fed. R. App. P. 28(a)(8) (stating briefs must contain appellant's contentions with record citations and appropriate legal authority).

Thomas' pro se status does not relieve him of complying with Rule 28. Thus, his failure to cite the record, provide authority, and explain why the district court erred renders his briefing of most of his issues insufficient to warrant our review. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005). Accordingly, we consider only the six arguments Thomas adequately briefs. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (noting we routinely refuse to consider arguments that fail to comply with Rule 28).

Those six arguments allege violations of the Fourth Amendment, insufficiency of the evidence, ineffective assistance of counsel, the district court's failure to instruct the jury on accomplice testimony, the admission of purportedly false testimony, and violations of *Brady v. Maryland*, 373 U.S. 83 (1963). We have reviewed Thomas' brief and the magistrate judge's recommendation, and we agree with the district court that Thomas has not made the requisite showing for a COA. We deny his request for a COA and dismiss this appeal.[2]

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[2] Thomas filed a motion to proceed in forma pauperis, but later paid the filing fee. Accordingly, we dismiss his motion as moot.